The Honorable Tim Hutchinson State Representative Box 933 Bentonville, AR 72712
Dear Representative Hutchinson:
This is in response to your request for an opinion regarding the constitutionality of A.C.A. 15-75-406 pertaining to the use of liquefied petroleum (LP) gas containers.
You have also asked, in an unrelated matter, whether it is permissible for a city of the second class to appoint two attorneys, one designated to represent the city in civil matters and the other to represent the city in criminal matters, including prosecution of the city's misdemeanor criminal cases.
In response to your first question, while the desire of property owners to obtain lower-priced LP gas is certainly understandable,[1]
the prohibitions contained in A.C.A. 15-75-406 would, in my opinion, withstand constitutional challenge. This Code section states in pertinent part as follows:
 (a) If a liquefied petroleum gas container shall bear upon the surface thereof in plainly legible characters the name, mark, initials, or other identifying device of the owner thereof, it shall be unlawful for any person except the owner or person authorized in writing by him:
 (1) To fill or refill the container with liquefied petroleum gas or any other gas or compound;
 (2) To buy, sell, offer for sale, give take, loan, deliver, or permit to be delivered, or otherwise use, dispose of, or traffic in any such container; or
 (3) To deface, erase, obliterate, cover up, or otherwise remove, conceal, or change any such name, mark, initials, or other identifying device of the owner or to place the name, mark, initials, or other identifying device of any person other than the owner on the container.
 (b) The use of liquefied petroleum gas containers by any person other than the person whose name, mark, initial, or device shall be or shall have been upon the liquefied petroleum gas containers, without written consent or purchase of the marked and distinguished liquefied petroleum gas container, for the sale of liquefied petroleum gas or filling or refilling with liquefied petroleum gas, or the possession of the liquefied petroleum gas containers by any person other than the person having his name, mark, initial, or other device thereon, without the written consent of the owner, shall be and is declared to be presumptive evidence of the unlawful use, filling or refilling, transition of, or trafficking in the liquefied petroleum gas containers.
A.C.A. 15-75-406(a) — 406(b).
This section is part of Chapter 75 of Title 15 of the Arkansas Code which governs, generally, the installation and handling of LP gases. The focus of this body of law is clearly expressed in the emergency clause contained in the Liquefied Petroleum Gas Board Act (A.C.A. 15-75-101 et seq.) wherein it states:
Acts 1965, No. 31, 33.
Toward this end, an extensive permitting procedure has been established in connection with the storage, sale, transportation or delivery of LP gases, and the sale or installation of containers for the use of LP gases. A.C.A. 15-75-301 to 321. Persons handling LP gases must be certified annually by the Liquefied Petroleum Gas Board ("Board") (15-75-303). The permit is non-transferable (15-75-319), and each permit holder must provide, in addition to competent gas delivery personnel, separate competent personnel for the installation and servicing of containers. A.C.A. 15-75-305(8).
With regard, specifically, to containers, standards and specifications are established by the Board (15-75-208), and information is regularly maintained through required reports regarding their sale, shipment, and installation (15-75-110). The Board has free access at all reasonable time to any premises where a container is in use and the Board must examine into and report the causes of explosions of containers. A.C.A. 15-75-209. The Board must, additionally, keep a record of the names of all owners or users of the containers, ". . . together with the location, make, dimension, age, condition, pressure allowed, and the date of the last inspection of all the containers or systems." Id.
The limitations and prohibitions contained in 15-75-406, supra, when considered in light of the foregoing, are reasonably related to the safety goal of insuring the proper handling and servicing of containers. The emergency clause in the act which is codified as 15-75-406 clearly reflects this concern where it states:
 . . . the use of liquefied petroleum gas within this state is rapidly expanding and . . . there are not at present sufficient safeguards to insure that containers of such gases are properly constructed and tested, and to attain this end, the filling or refilling of Liquefied Petroleum Gas containers by other than the owner or authorized person creates a hazardous situation. . . .
Acts 1957, No. 257, 7.
Particularly when bearing in mind the presumption of constitutionality attending every legislative enactment (see, e.g., Stone v. State, 254 Ark. 1011, 1013, 498 S.W.2d 634 (1973)), the conclusion that A.C.A. 15-75-406 would withstand constitutional scrutiny is, in my opinion, well-founded.
With regard to your second question involving the appointment of two city attorneys in a city of the second class, A.C.A.14-42-112 must be considered wherein it authorizes the election of "a municipal attorney" at the time of the election of other officers of cities of the second class. A.C.A.14-42-112(a)(1)(A). This language may not, in itself, be determinative of the question of whether a second class city may employ more than one city attorney. Subsection (d) of 14-42-112
must, however, also be considered wherein it states:
 (d)(1) The duties of the municipal attorney shall be to represent the city or town in all actions, both civil and criminal. Subsection (d) goes on to prescribe other specific duties including, if requested, the duty to furnish information to the state courts ". . . for the prosecution of cases in the state courts." A.C.A. 14-42-112(d)(2)(A)(iv). Subsection (e), which addresses the municipal attorney's compensation, states:
 The municipal attorney shall receive as part of his compensation the same fees as are allowed prosecuting attorneys in this state in all criminal cases. However, the city or town, by resolution or ordinance, may specify a certain salary or salary and fees as the city or town council may desire. In the event the municipal attorney is paid a salary only, the city or town is authorized to collect the fees referred to in this subsection and apply them as the council may direct.
A.C.A. 14-42-112(e).
While the answer to your question is by no means clear, Section14-42-112, when read as a whole, appears to envision the election of one city attorney who represents the city in both civil and criminal matters.[2] Our research has not disclosed any case law directly on point. Hence, we cannot predict with certainty a court's resolution of the issue. It is my opinion, however, that a strong argument may be formulated against the appointment of two attorneys, one to handle civil and the other criminal actions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] It should be noted in this regard that there appears to be no prohibition against a property owner's acquisition of his or her own container as a means of maintaining access to gas at the desired price. It has been found and is declared by the General Assembly of the State of Arkansas that persons utilizing liquefied petroleum gases reside in areas where no municipal regulations provide for necessary safety measures relative to the proper installation and handling of these gases, and that improper use and installation of liquefied petroleum gases and its equipment and appurtenances would be highly detrimental and injurious to the safety and welfare of the people of the State of Arkansas, and that adequate laws are urgently needed for the protection of the public against the dangers inherent in the handling and consumption of liquefied petroleum gases . . .
[2] The language of A.C.A. 14-42-112 may be contrasted with A.C.A. 14-46-232, pertaining to cities with a commission form of government, where the power to appoint "a city attorney or attorneys" is clearly outlined. (Emphasis added.)